State v. Cole

---

STATE OF NORTH CAROLINA v. WILLIE EUGENE COLE

No. 7212SC307

(Filed 28 June 1972)

1. Criminal Law § 66— in-court identification — independent origin — pretrial confrontation

Rape and robbery victim's in-court identification of defendant was of independent origin and was not tainted by the fact that she saw defendant being brought into the police station shortly after the offenses occurred and immediately identified him to her husband, where the victim had ample opportunity to observe defendant prior to and during the assault and recognized defendant shortly thereafter as he walked across a street near the scene of the offenses.

2. Criminal Law § 170— comments and questions by trial court

Comments and questions by the trial judge during the course of the trial, while disapproved, did not constitute prejudicial error.

3. Criminal Law §§ 66, 102— jury argument — defense counsel — tainting of in-court identification by pretrial confrontation

Where the trial court had determined that there had been no illegal pretrial confrontation in this case, the court did not err in refusing to allow defense counsel to argue, by reading excerpts from a case dealing with the effect of an illegal pretrial lineup, that the prosecutrix' in-court identification of defendant was tainted by an illegal pretrial confrontation at the police station.

APPEAL by defendant from *Bailey, Judge,* 29 November 1971 Session of Superior Court held in CUMBERLAND County.

Defendant was charged with common law robbery. The prosecutrix, Mrs. Susan Harnage, testified that she was em-

ployed at the Kasbah Lounge in Fayetteville, which is located approximately two blocks from her residence. She went to work on the afternoon of 19 September 1971 and left the lounge at approximately 2:30 a.m. the next morning to walk to her residence. As she crossed a parking lot in the vicinity of the lounge a maroon or red looking car with the letters GTO on the rear window pulled up and the driver, identified as defendant, offered her a ride, which she declined. The car drove off and Mrs. Harnage continued walking. As she approached the entrance to a drive-in theatre "two guys came toward me and kind of looked down." Just as she passed the entrance to the drive-in they grabbed her from behind, one of them placing a hand over her mouth, and dragged her into the enclosed portion of the drive-in theatre. The area was well lighted from the mercury lights on Bragg Boulevard as well as lights from an auto sales lot and a Krispy Kreme diner.

Mrs. Harnage further testified that once inside the theatre area she was assaulted and raped by the two men, defendant and his companion. Defendant then removed two $5.00 bills from her billfold. After taking the money, the pair released her and ran towards the rear of the theatre. The area was well lighted and she had no difficulty seeing the face of defendant. Mrs. Harnage picked up her pocketbook and proceeded to the Krispy Kreme diner where she informed one of the employees of what had taken place. The employee notified the police. In response to the call, Officer R. G. Nordhus proceeded to the Krispy Kreme diner and there talked with prosecutrix. While at the diner, prosecutrix saw defendant cross the street. She yelled "stop him" whereupon defendant started running toward a drive-in theatre.

Officer J. T. West of the Fayetteville Police Department testified that he received information of the assault on his radio and proceeded to the diner. As he approached the scene he observed Officer Nordhus and also saw three or four men running into the drive-in and pursued them. Officer West apprehended defendant in the drive-in, placed him in the rear of the police car, and drove to the diner. He informed Officer Nordhus that he had a suspect and Officer Nordhus told him to take the suspect to the police station.

While waiting at the police station with her husband, prosecutrix observed three police officers and two or three other

men enter the building. Upon seeing these men she grabbed her husband, pointed at the defendant, who was one of the men, and said, "That is him, that is him!"

Defendant offered no evidence. From judgment entered on a verdict of guilty, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr. for the State.*

*Butler, High and Baer by Sneed High for defendant appellant.*

VAUGHN, Judge.

[1] Defendant assigns errors with respect to the "in-court" identification of defendant. The same are overruled. It is clear that the in-court identification of the defendant was not based on illegal pre-trial procedures and the judge so found. It is clear that the witness had ample opportunity to observe defendant as he passed her just prior to the assault and during the assault. Shortly thereafter the witness recognized defendant as he walked across the street while she was in the diner. Obviously the witness' identification was independent of her sighting of the defendant at the police station where she immediatiely identified him to her husband. *State v. Williams,* 279 N.C. 515, 184 S.E. 2d 282.

[2] Several assignments of error are brought forward with respect to certain comments and questions by the trial judge during the course of the trial. For the most part, these comments and questions appear to have been unnecessary and the same are disapproved. It does not follow, however, that every ill-advised comment or question by trial judge must constitute reversible error. *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774. On the facts of this case, we hold that the questions and comments by the judge could not have had any effect on the result of the trial.

[3] Counsel for appellant contends that it was error not to allow him "to argue to the jury that the in-court identification made by the prosecuting witness was tainted due to an illegal confrontation between him and the prosecuting witness and was not of independent origin." We disagree. While argument of counsel as to the weakness of testimony relating to identifica-

tion of strangers may have been perfectly proper, the court had determined that there had been no illegal confrontation in this case and the court properly disallowed argument to the contrary especially where, as here, counsel was attempting to do so by reading excerpts from a case dealing with the effect of an illegal pre-trial "lineup."

Defendant was ably represented at trial and on appeal. We find no error which would entitle defendant to a new trial.

No error.

Judges MORRIS and GRAHAM concur.