JAMES N. GOLDING v. TOM F. TAYLOR

No. 7428SC723

(Filed 2 October 1974)

1. **Evidence § 24; Rules of Civil Procedure § 26— admissibility of deposition**

 A deposition was properly admitted in evidence where the court found that the witness resided more than 75 miles from the place of trial and was ill and could not attend court.

---

Golding v. Taylor

---

2. **Evidence § 24— deposition — opportunity of new attorneys to prepare**

    The trial court did not err in the admission of a deposition on the ground that the attorney first representing defendant had withdrawn from the case and his present attorneys had been employed just before the deposition was taken and had not had sufficient opportunity to prepare for it where no effort was made to procure a continuance of the taking of the deposition or to reopen the deposition for further cross-examination of the deponent.

3. **Evidence § 12; Husband and Wife §§ 6, 25— alienation of affections — divorced spouse — competency to testify as to adultery**

    A divorced spouse may testify as to her adultery with defendant in an action for alienation of her affections brought by her former husband.

4. **Husband and Wife § 25— alienation of affections — evidence of claims of other conquests**

    In an action for alienation of affections of plaintiff's wife, the trial court properly admitted evidence as to defendant's claims of other extramatrimonial conquests.

5. **Trial § 11— closing argument — introduction of affidavit**

    Defendant's introduction into evidence of an affidavit constituted the putting on of evidence by defendant and entitled plaintiff to the opening and closing arguments to the jury.

6. **Trial § 33— application of law to evidence — stipulation**

    No stipulation of counsel can relieve the trial judge of the requirement that he instruct the jury as to sufficient evidence to apply the law thereto.

7. **Trial § 33— court's statement that it would not apply law to evidence —absence of prejudice**

    Defendant was not prejudiced by the court's remark in its instructions that counsel had agreed that the court need not review portions of the evidence sufficient to apply the law to the evidence where the court actually did review enough of the evidence to apply the law thereto.

APPEAL by defendant from *McLean, Judge,* 1 April 1974 Civil Session of BUNCOMBE Superior Court. Heard in the Court of Appeals 25 September 1974.

This was an action for alienation of affections of plaintiff's wife, Marian N. Golding.

The record discloses that plaintiff and Marian N. Golding were married to each other on 19 December 1959; had three children born to the marriage, two girls and one boy; the family enjoyed a happy home relationship until the year 1971. In the early part of the year 1971, the defendant commenced a delib-

erate plan to take the plaintiff's wife. In the summer of 1971 the defendant frequented the swimming pool at the Asheville Country Club where he knew Marian Golding would be present and made it a point to associate with her on these occasions and likewise on other occasions. The defendant showed many niceties to Marian Golding for the purpose of attracting her attention and winning her favor. The defendant prided himself on being quite a lothario. The defendant was quite successful in his conquest of Marian Golding. In August 1971, the defendant had carried his quest of Marian Golding to the point where they began to have trysts in the countryside in the afternoons. From the trysts in the countryside the defendant and Marian Golding progressed to taking trips together until May 1972, when Marian Golding left her family and went to Atlanta, Georgia, to live with the defendant. The marriage of the Goldings was terminated by an absolute divorce in 1973.

Issues were submitted and answered by the jury as follows:

"1. Did the defendant alienate the affections of the plaintiff's wife as alleged in the Complaint?

ANSWER: Yes.

2. What amount, if any, is the plaintiff entitled to recover of the defendant as compensatory damages?

ANSWER: $45,000.00.

3. Was the plaintiff injured and damaged by the willful, wanton or malicious acts of the defendant as alleged in the Complaint?

ANSWER: Yes.

4. What amount, if any, is the plaintiff entitled to recover of the defendant as punitive damages?

ANSWER: $25,000.00."

Upon the jury verdict, judgment was entered that the plaintiff have and recover of the defendant the sum of $70,000.00, together with the cost of the action to be taxed by the Clerk, and the defendant appealed.

*Morris, Golding, Blue & Phillips by William C. Morris, Jr., for plaintiff appellee.*

*Pope and Brown for defendant appellant.*

CAMPBELL, Judge.

Another phase of this case was before this Court and is reported in 19 N.C. App. 245, 198 S.E. 2d 478 (1973). Numerous questions were presented to this Court on behalf of the defendant seeking to establish prejudicial error in the trial. We will take these questions up not necessarily in the order in which they were presented.

[1, 2] The deposition of Marian N. Golding taken 18 January 1974, was offered in evidence. Before the introduction of the deposition, the court found that the witness, Marian N. Golding, resided in Charlotte, North Carolina, which was more than 75 miles from Asheville where the court was sitting and that on the date the deposition was offered, Marian N. Golding was ill and could not attend court on the first and second days of April 1974. The order making these findings was not reduced to writing and incorporated into the record until 4 April 1974, although this order was dated 1 April 1974, and undoubtedly was a *nunc pro tunc* order. The defendant further asserts that the deposition should not have been introduced in evidence for that the attorney first representing the defendant had withdrawn from the case because of a conflict of interest, and his present attorneys had been employed just shortly before the taking of the deposition and therefore had not had sufficient opportunity to prepare for the taking of the deposition. No effort, however, was made to procure a continuance of the taking of the deposition and no effort was made to reopen the deposition for further cross-examination of the deponent. We find no merit in this exception.

[3] The defendant next asserts that Marian N. Golding in the deposition was permitted to testify as to her adultery with the defendant. While Marian N. Golding did not specifically testify as to any acts of adultery, she did testify to associating with and living with the defendant under such circumstances as to make adultery an obvious episode. At the time Marian N. Golding was giving such testimony, she was no longer the wife of the plaintiff.

The Golding marriage was dissolved by an absolute divorce in 1973. The deposition was taken 18 January 1974, and at that time she was no longer the wife of the plaintiff. Furthermore, this was not an action between husband and wife *inter se* as in in *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972). We

think that under the circumstances of this case a divorced spouse may testify and that the weight of authority as well as of reason favors the view that an absolute divorce places the former spouses in the same position with respect to competency as witnesses as though there had been no marriage, and that each may testify for or against the other even as to matters which occurred or came to his or her knowledge during the existence of the marriage relation, unless such matters are in the nature of confidential communications. See, *State v. Alford,* 274 N.C. 125, 161 S.E. 2d 575 (1968).

Having held that the testimony of Marian N. Golding was competent, it follows that the testimony of corroborating witnesses would likewise be competent, and therefore those exceptions are denied.

[4] The defendant assigns as error the admission of evidence as to defendant's claims of other extramatrimonial conquests. We do not think this evidence was objectionable, and it was relevant to the issues involved in this case. This evidence tended to show the defendant's propensities for this type of activity and his endeavor to be another Casanova.

[5] The defendant assigns as error that the trial court held that the defendant had introduced evidence and therefore was not entitled to the last jury argument. There is no merit in this contention for the record shows that the defendant introduced into evidence as an exhibit an affidavit of 13 September 1972, made by Marian N. Golding. The introduction of that exhibit constituted putting on evidence by the defendant and consequently the plaintiff was entitled to the opening and closing arguments to the jury. *State v. Knight,* 261 N.C. 17, 134 S.E. 2d 101 (1964).

[6, 7] The defendant assigns as error the failure of the court to review the facts of the case and explain the law arising thereon. In support of this assignment of error the defendant relies on an exception to the following portion of the charge shown in parentheses:

"The law requires the presiding judge to review with you the portions of the evidence sufficient to apply the law to the evidence, (but counsel have agreed that the court need not do that in this case, so that will to some extent shorten my instructions to you)."

The first portion of that sentence taken from the charge, which is not included in the parenthetical portion, is a correct statement of the law; and no stipulation of counsel can relieve the trial judge of the requirement to instruct the jury as to sufficient evidence to apply the law thereto. There is no requirement that the trial judge recapitulate all of the evidence in a trial. It is sufficient if he reviews only so much evidence as may be necessary to apply the law thereto rather than permit the jury to flounder on an unchartered sea. This remark of the trial judge *per se* was not prejudicial to the defendant. It is therefore doubtful if the defendant has taken an exception in the record which would support the assignment of error. Nevertheless, we have reviewed the court's instructions to the jury; and we find that contrary to what Judge McLean stated, he nevertheless did review enough of the evidence to give a framework upon which to apply the law in the case. The jury was not left with a series of legal precepts unconnected with the evidence in the case so that they were left adrift on an unchartered sea. We think when the charge is read in its entirety, the jury was adequately and fully instructed as to their duties so that they could apply the law to the case.

There were other assignments of error which we have considered but do not think it necessary to review in detail.

We think the case was tried free of prejudicial error.

No error.

Judges PARKER and VAUGHN concur.