STATE OF NORTH CAROLINA v. DONALD RAY JACKSON

No. 7518SC510

(Filed 17 December 1975)

1. **Criminal Law § 33; Robbery § 3— checks taken in robbery — automobile registration card — relevancy**

    In this armed robbery prosecution, evidence that two checks taken in the robbery and an automobile registration card issued to defendant's wife were found together on a city street was relevant and properly admitted.

2. **Criminal Law § 112— failure to charge on circumstantial evidence**

    In absence of special request, failure of the court to charge on circumstantial evidence was not error where the evidence was largely direct and the only circumstantial evidence was in corroboration of and incidental to the direct evidence.

3. **Criminal Law § 66— identification of defendant — independent origin**

    The evidence supported the trial court's determination that a robbery victim's identifications of defendant from photographs, at the preliminary hearing, and at trial were of independent origin and not the result of impermissibly suggestive procedures.

4. **Criminal Law § 117—interested witnesses — instructions**

    The trial court's instruction in regard to interested witnesses applied equally to witnesses for both the State and defendant and was not prejudicial to defendant.

APPEAL by defendant from *Kivett, Judge.* Judgment entered 17 January 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 October 1975.

On 28 June, 1974 approximately $668 in cash and checks belonging to the Ma-Jik Market was stolen. Evidence for the State tended to show that the defendant, accompanied by a co-assailant, entered the store at approximately 11:00 p.m. He pointed a handgun at the cashier, Debra Williams, and ordered her to turn over all the cash. In addition to the cash, the defendant and his co-assailant absconded with two checks; one, a personal check drawn by Miss Williams and the other, a United Parcel payroll check. Miss Williams gave the investigating officers a description of defendant.

Sometime after the robbery in June, the checks were found on a street in High Point by one Paul Wilson. Along with the checks, Wilson also found an automobile registration card issued to defendant's wife.

Miss Williams identified the defendant from photographs shown her, identified him at a preliminary hearing at which time defendant was brought in the courtroom with other male persons in custody, and also identified him in the courtroom at the time of this trial.

Defendant was charged with armed robbery, entered a plea of not guilty and was found guilty by the jury. From judgment sentencing him to a term of imprisonment, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*White and Crumpler, by Michael J. Lewis, for defendant appellant.*

MORRIS, Judge.

[1] Defendant first contends that the trial court erred by allowing into evidence the automobile registration card along with the stolen checks. Defendant argues that the items were not admissible under the doctrine of possession of recently stolen property because that rule only applies "when the property is found in the possession of the defendant and not someone else." The general rule in North Carolina is that "[e]very circumstance calculated to throw any light upon the crime charged is admissible in criminal cases." *State v. Robbins,* 287 N.C. 483, 490, 214 S.E. 2d 756 (1975); *State v. Hamilton,* 264 N.C. 277, 286-287, 141 S.E. 2d 506 (1965), cert. denied 384 U.S. 1020; 2 Strong, N. C. Index 2d, Criminal Law, § 33, p. 531. Here, the stolen items and the circumstances surrounding their recovery are relevant, and " ' . . . any object which has a relevant connection with the case is admissible in evidence, in both civil and criminal trials.' " *State v. Robbins, supra,* at 490, quoting from 1 Stansbury, N. C. Evidence, § 118 (Brandis rev. 1973).

[2] Defendant next contends that if the trial court correctly admitted the registration card, it erred in failing properly to charge the jury with respect to the manner in which the jury could consider the evidence. Defendant urges that the court should have instructed on the doctrine of possession of recently stolen property and on circumstantial evidence. The evidence did not require an instruction on the doctrine of possession of recently stolen property. The evidence was largely direct and

the only circumstantial evidence was that with respect to the finding of the stolen checks. It was in corroboration of and incidental to the direct evidence. In absence of special request, the failure of the court to charge on circumstantial evidence was not error. *State v. Stevens*, 244 N.C. 40, 44, 92 S.E. 2d 409 (1956) ; 7 Strong, N. C. Index 2d, Trials, § 38, p. 347.

[3] Defendant also contends that the trial court erred in finding that the identification of defendant by Debra Williams on all three occasions was of independent origin and not so impermissibly suggestive as to violate defendant's constitutional rights. We again disagree. The record is plenary and that Miss Williams's identifications of defendant were of an independent origin and based on her observation of defendant during the robbery. *State v. Williams*, 279 N.C. 515, 526, 184 S.E. 2d 282 (1971) ; *State v. Cole*, 14 N.C. App. 733, 735, 189 S.E. 2d 510 (1972) ; 2 Strong, N. C. Index 2d, Criminal Law, § 66, p. 568.

[4] Defendant next maintains that the trial court erred in improperly instructing the jury in regard to interested witnesses. Defendant argues that "the Court's instruction led the jury to believe that certain witnesses for the defendant may have been interested and in so charging the jury, the Court likely prejudiced the jury into disbelieving the evidence of the defendant." We believe defendant has misconstrued the intent of this charge. During his charge to the jury the trial court stated:

"You may find that a witness either for the State or the defendant is interested in the outcome of this trial. In deciding whether or not to believe such a witness, you may take his or her interest into account, if you find such to be true. If, after doing so, however, you believe his or her testimony in whole or in part, you should treat that which you believe the same as you would any other believable evidence."

We cannot see how this portion of the charge could have prejudiced the defendant. It applied equally to both the defendant and the State and to all witnesses alike. It is only a caution to the jury and not directed to any particular witness or either party. Our Supreme Court, moreover, has held that a similar charge, albeit in a civil case, was not improper. *Herndon v. R. R.*, 162 N.C. 317, 78 S.E. 287 (1913).

We have considered the other contentions raised by defendant and find them also to be without merit.

No error.

Judges HEDRICK and ARNOLD concur.