STATE OF NORTH CAROLINA v. WALLACE DeWITT BAKER

No. 7715SC426

(Filed 16 November 1977)

1. **Burglary and Unlawful Breakings § 4— evidence of missing items—relevancy in breaking and entering case—no double jeopardy**

   In a prosecution for breaking and entering, the trial court did not err in allowing a witness to testify concerning silver dollars and stamps missing from her house, since that evidence was a relevant circumstance surrounding the breaking and entering charge and it did not constitute a retrial of defendant on a larceny charge of which he had earlier been acquitted.

**2. Criminal Law § 169— testimony excluded—failure to show what testimony would have been—no prejudice shown**

Where the record fails to show what a witness would have testified, defendant has failed to show prejudice by the exclusion of that testimony.

**3. Criminal Law § 66.11— confrontation at crime scene—in-court identification of defendant proper**

Evidence was sufficient to support the trial court's conclusion that defendant's confrontation with two witnesses at the scene of the crime immediately after he was apprehended was not improper and did not impermissibly taint in-court identification of defendant by the witnesses where the witnesses had ample opportunity to observe defendant in daylight as he ran from the scene of the crime, and after he was apprehended, officers returned him to the crime scene where the witnesses immediately identified him as the person they saw run from them.

**4. Burglary and Unlawful Breakings § 3.1— description of premises—no fatal variance between indictment and proof**

In a prosecution for breaking and entering, there was no fatal variance between the indictment which alleged that the home broken into and entered was owned by Elvin Kitchens and was located at Route 8, Box 138A, Homestead Road, Chapel Hill, and the evidence, which consisted of testimony by Linda Kitchens, that Elvin Kitchens was her husband and that they lived in a house on Homestead Road in Chapel Hill.

**5. Criminal Law § 102— evidence introduced by defendant—concluding jury argument by State**

The trial court properly denied defendant the last jury argument where defendant, during cross-examination of a witness, introduced a photograph taken of defendant following his arrest for the purpose of illustrating the witness's testimony.

APPEAL by defendant from *David I. Smith, Judge.* Judgment entered 3 February 1977 in Superior Court, ORANGE County. Heard in the Court of Appeals 18 October 1977.

Defendant was indicted for (1) feloniously breaking into and entering a dwelling occupied by Elvin Kitchens with intent to commit larceny, and (2) felonious larceny. It appears that in a former trial, he was acquitted of the larceny charge and a mistrial was ordered on the breaking and entering charge. At the trial under review, he was retried on the breaking and entering charge and pled not guilty.

Evidence presented by the State tended to show:

On the morning of 22 June 1976, Mrs. Burch, the Kitchens' neighbor, observed a green McBroom Rentals truck parked in front of the Kitchens residence. Since the Kitchens family was on vacation, she became suspicious and called her brother-in-law and his son to investigate.

Mr. Vernon Burch and his son, David Burch, immediately drove to the Kitchens residence and found the back door open. Mr. Burch sent his wife to call the sheriff. When David Burch rattled the front door, a man ran out the back door and Mr. Burch, who was standing at the back door, fired his gun at him. David Burch went to the back of the house and both he and his father observed the man for about thirty seconds as he ran out of the house, across a field and into some woods.

On the basis of the description of the intruder given to the investigating officer by Mr. Burch and his son, defendant was apprehended about a quarter of a mile from the house within ten minutes of the time the Burches observed him leave the Kitchens house. He was arrested, advised of his rights and returned to the scene of the alleged crime where he was identified immediately by the Burches as the man they observed run out of the Kitchens residence.

According to the arresting officers, defendant claimed he was seeking help for his disabled McBroom Rentals truck which he had left parked at the Kitchens residence. At the time of his arrest, defendant did not have in his possession any of the coins or stamps which Mrs. Kitchens testified were missing. However, the officers found a flashlight and a tape recorder which belonged to the Kitchens home sitting outside the back door of the house, and they had no difficulty starting the McBroom Rentals truck which defendant contended was disabled.

After voir dire examinations of both Mr. Burch and his son, the court ruled that their in-court identifications of defendant would be admissible since they were not tainted by any improper out-of-court procedure.

During the cross-examination of Deputy Horton, defendant introduced a photograph taken of him following his arrest for the purpose of illustrating Deputy Horton's testimony. Since defendant introduced this evidence, the trial court denied him the right to open and close the oral arguments to the jury.

The jury found defendant guilty of felonious breaking and entering. From judgment imposing a prison sentence of not less than eight nor more than ten years, he appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Winston, Coleman and Bernholz, by Donald R. Dickerson, for defendant appellant.*

BRITT, Judge.

Defendant makes thirty-three assignments of error and brings nine of them forward in his brief in seven arguments.

[1]   In his first argument, he contends the trial court erred in admitting Linda Kitchens' testimony of missing silver dollars and stamps on the grounds that the testimony was irrelevant and prejudicial and subjected him to double jeopardy since he had already been acquitted on the larceny charge. We do not find this argument persuasive.

First, the testimony by the prosecuting witness concerning the missing property was not irrelevant.

> "In criminal cases every circumstance that is calculated to throw light upon the supposed crime is relevant and admissible if competent.

> "It is not required that evidence bear directly on the question in issue, and evidence is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact." 4 Strong's N.C. Index 3d, Criminal Law § 33, pp. 140-41.

The fact that Mrs. Kitchens' lockbox had been pried open and some silver dollars and stamps were missing was a relevant circumstance surrounding the breaking and entering charge. As stated in *State v. Jackson*, 28 N.C. App. 136, 137, 220 S.E. 2d 186, 187 (1975), "[t]he general rule in North Carolina is that '[e]very circumstance calculated to throw light upon the crime charged is admissible in criminal cases.' *State v. Robbins*, 287 N.C. 483, 490, 214 S.E. 2d 756 (1975); *State v. Hamilton*, 264 N.C. 277, 286-287,

141 S.E. 2d 506 (1965), *cert. denied* 384 U.S. 1020; 2 Strong, N.C. Index 2d, Criminal Law, § 33, p. 531."

Second, the testimony by Mrs. Kitchens concerning the missing property did not place defendant in double jeopardy on the larceny charge. "The test of former jeopardy is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. Hence, the plea of former jeopardy, to be good, must be grounded on the 'same offense,' both in law and in fact, and it is not sufficient that the two offenses grew out of the same transaction." 4 Strong's N.C. Index 3d, Criminal Law § 26.3, p. 112.

The crime of larceny of which defendant was acquitted was not the same offense in law and fact as the crime of breaking and entering. Testimony concerning the missing property was relevant to the breaking and entering charge and it did not constitute a retrial of defendant on the larceny charge.

In his second argument, defendant contends the trial court erred in failing to allow his counsel to question Vernon Burch with respect to previous testimony under oath concerning his description of the party who allegedly broke into the Kitchens home. We find no merit in this argument.

[2]  It is a well-recognized rule that an appellant has the burden not only to show error but that the error was prejudicial. 1 Stansbury's N.C. Evidence, § 9 (Brandis rev. 1973). Defendant has failed to include in the record what the witness would have answered. "The exclusion of evidence, . . . cannot be held prejudicial when the record fails to show . . . what testimony would have been given by the witness." 1 Strong's N.C. Index 3d, Appeal and Error § 49.1, p. 313. *See State v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342 (1955).

[3]  Defendant contends in his third argument that the trial court erred by allowing in-court identifications of him by Vernon Burch and David Burch for the reason that the identifications were obtained in violation of his due process rights. This contention is without merit.

Defendant argues that the confrontation with the two witnesses at the scene of the crime immediately after he was apprehended was so impermissibly suggestive that it tainted their in-court identification.

"When the admissibility of in-court identification testimony is challenged on the ground that it is tainted by an out-of-court identification made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the test of admissibility; when the facts so found are supported by competent evidence, they are conclusive on appellate courts." 4 Strong's N.C. Index 3d, Criminal Law § 66.20, p. 276. In order to successfully challenge an in-court identification as being tainted by an impermissibly suggestive out-of-court show-up, the defendant must show two things: (1) that the out-of-court identification was impermissibly suggestive, and (2) that it created a substantial likelihood of irreparable misidentification. 4 Strong's N.C. Index 3d, Criminal Law § 66.3, p. 247.

In the present case, the court conducted voir dire hearings and made findings of fact. The court concluded with respect to the identification made by each witness that his in-court identification was based upon his having seen the defendant on 22 June 1976, as he exited the Kitchens residence through the back door; that his identification was not tainted by an improper out-of-court procedure or suggestion; and that no improper out-of-court identification procedure was involved. We hold that the findings and conclusions were amply supported by the evidence.

Defendant contends in his fourth argument that the trial court erred by sustaining the State's objections to his questions during cross-examination of the investigating officer. Here again the record fails to disclose what the answers to the questions would have been, therefore, defendant has failed to show prejudicial error. *State v. Poolos, supra.*

[4] In his fifth argument, defendant contends that the trial court erred in denying his motion for a directed verdict of not guilty and a motion for a new trial. He argues that there is a fatal variance between the allegations in the indictment that the home broken into and entered was occupied by Elvin Kitchens and the proof in the case which was based on testimony of Linda Kitchens. We find no merit in this argument.

"The recommended practice is to identify the location of the subject premises by street address, rural road address, or some other clear description. However, an indictment under G.S. 14-54

is sufficient if the building allegedly broken and entered is described sufficiently to show that it is within the language of the statute and to identify it with reasonable particularity so that defendant may prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense." 2 Strong's N.C. Index 3d, Burglary and Unlawful Breakings, § 3.1, pp. 660-61. In a recent case, this court held that there was no fatal variance in an indictment for breaking and entering when the indictment described the building as being owned and operated by a corporation while evidence showed that it was owned and operated by a family. Although the indictment in that case was held insufficient on the larceny charge, it was sufficient for the breaking and entering charge because "the location of the subject premises [was] set forth with sufficient particularity to enable defendant to prepare his defense and to plead his conviction or acquittal as a bar to further prosecution for the same offense." *State v. Vawter*, 33 N.C. App. 131, 136, 234 S.E. 2d 438, 441 (1977). *See also State v. Sellers*, 273 N.C. 641, 161 S.E. 2d 15 (1968).

Applying these principles to the present case, we find that the indictment prepared pursuant to G.S. 14-54 charged that the defendant "unlawfully and wilfully did feloniously break and enter a building occupied by Elvin Kitchens used as a dwelling house located at Route 8, Box 138A, Homestead Road, Chapel Hill, N.C. with the intent to commit a felony therein, to wit: larceny." At the second trial, Linda Kitchens, the wife of Elvin Kitchens, gave the following testimony:

> "My name is Linda Kitchens. My husband is Elvin Kitchens. We have two children, ages nine and seven. We live in a tri-level brick and wood house on Homestead Road in Chapel Hill. It was our residence on the 22nd of June, 1976."

Based on the detailed description of the residence in the indictment and the testimony of Linda Kitchens, there was not a fatal variance in the allegation in the indictment and the proof at trial on the breaking and entering charge. The premises were described with sufficient particularity to enable the defendant to prepare his defense and to prevent a retrial on the same issues.

[5] In his sixth argument, defendant contends that the trial court erred in denying his motion for the last jury argument

because he asserts that he had not introduced evidence after the State had rested its case. We find no merit in this contention.

During the cross-examination of Deputy James Horton, defendant's counsel presented a photograph of defendant to the deputy for identification. After Deputy Horton identified the photograph, counsel made the following request:

> "Your Honor, at this time I move to introduce this into evidence in an effort to illustrate this witness' testimony as to the appearance of Wallace DeWitt Baker on the 22nd day of June, 1976."

The court allowed the admission of the photograph.

Rule 10, General Rules of Practice for the Superior and District Courts in North Carolina provides:

> "In all cases, civil or criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him. If a question arises as to whether the plaintiff or the defendant has the final argument to the jury, the court shall decide who is so entitled, and its decision shall be final."

In the present case, the trial court ruled that defendant lost his right to conclude the argument to the jury when he introduced the photograph of the defendant. *See State v. Knight*, 261 N.C. 17, 134 S.E. 2d 101 (1964); *Golding v. Taylor*, 23 N.C. App. 171, 208 S.E. 2d 422, *cert. denied* 286 N.C. 334, 210 S.E. 2d 57 (1974).

In his seventh and final argument, defendant contends that the trial court erred in failing to summarize his evidence and thereby expressed an opinion in violation of G.S. 1-180. It suffices to say that we have carefully reviewed the record with respect to this contention and conclude that it too has no merit.

For the reasons stated, we conclude that the defendant received a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.