STATE OF NORTH CAROLINA v. BRUCE LAMONT McNEIL

No. 7510SC638

(Filed 7 January 1976)

1. Criminal Law § 60— fingerprint identification card — admissibility

The trial court did not err in the admission of a fingerprint identification card.

2. Criminal Law § 48— defendant's refusal to make statement to police — question by prosecutor — no prejudice

Defendant was not prejudiced when the trial court allowed the prosecutor to ask defendant whether he refused to make a statement

to the police where defendant answered that he told the police that he "didn't know anything about this."

APPEAL by defendant from *Brewer, Judge.* Judgment entered 16 April 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 13 November 1975.

Defendant was indicted for the 17 February 1975 armed robbery of a Raleigh convenience store.

According to the State's evidence, defendant entered the "Kwik-Pik" in Raleigh, brandished a handgun, compelled the assistant manager, Howard Lassiter, to turn over $184 of the store funds and forced Mr. Lassiter into a storage room. At trial, Mr. Lassiter identified defendant as the assailant and indicated that Exhibit 1, a handgun, taken from defendant upon his arrest on 22 February 1975, looked " . . . like the pistol drawn on me." Two other customers in the store at the time of the robbery, however, were unable to make an identification of the defendant.

Mr. R. E. Lee, an identification technician for the City, County Identification Bureau, testified that he had taken ink fingerprints of defendant on a card, introduced as Exhibit 2, on 5 July 1973. Mr. J. H. Ross, also of the Identification Lab, then testified that prints lifted from the doorknob of the "Kwik-Pik" on the day of the robbery matched those found on the card (Exhibit 2).

Defendant and two witnesses for the defendant established an alibi defense.

From a plea of not guilty, the jury returned a verdict of guilty. From judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary for the decision are cited below.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Brenton D. Adams for defendant appellant.*

MORRIS, Judge.

[1] Defendant first contends that the trial court erred in allowing into evidence a fingerprint identification card. We disagree. We can see no prejudicial effect in the introduction

State v. McNeil

of this card. *State v. Jackson,* 284 N.C. 321, 331-334, 200 S.E. 2d 626 (1973). Moreover, there is nothing in the record to indicate that the objectionable features noted in *Jackson* in fact appeared in or occurred during the trial of this case.

[2] Defendant also contends that the " . . . trial court erred in allowing the prosecution to ask the defendant whether he refused to make a statement to the police." We again disagree. On cross-examination, defendant stated that he had not

> " . . . discussed this case with anyone but that detective there and my lawyer. This detective is the only detective I have talked to about this case.

> Q. I'll ask you sir, if it's not true that rather than telling this detective what you testified on the stand, isn't it true that you didn't tell him anything, you refused to make a statement?

> MR. TWIGGS: Objection.

> THE COURT: Overruled.

> EXCEPTION NO. 24

> A. That's a story because I signed my waiver of rights. I told him I didn't mind talking.

> Q. You refused; didn't you?

> A. No, I told him I didn't if he got paper and I waived my rights to discuss the case with him, I told him I didn't know anything about this."

A contextual reading of this testimony indicates that there has been no prejudice to defendant from this line of questioning. In fact, his answer "I didn't know anything about this" would tend to support his alibi defense.

No error.

Judges PARKER and MARTIN concur.