OF

## NORTH CAROLINA

AT

## RALEIGH

---

### FALL SESSION 1972

---

STATE OF NORTH CAROLINA v. GEORGE E. MITCHELL

No. 7214SC769

(Filed 20 December 1972)

**1. Criminal Law § 92— charges of assault on officer and felonious assaults of others — consolidation for trial**

The trial court did not err in consolidating a charge of assault upon a law officer in the performance of his duty with three charges of assault with a deadly weapon with intent to kill inflicting serious injury where all of the alleged assaults occurred within a period of a few minutes at the same place.

**2. Criminal Law § 43— illustrative photographs — necessity for introduction in evidence**

The trial court did not abuse its discretion in ruling that photographs must be introduced in evidence in order for defendant to use them to illustrate testimony of a State's witness.

**3. Assault and Battery § 14— felonious assaults — assault on police officer — sufficiency of evidence**

The State's evidence was sufficient for submission to the jury on three charges of assault with a deadly weapon with intent to kill inflicting serious injury and on one charge of assault on a police officer in the performance of his duties where it tended to show that defendant and his wife had had an altercation, that the wife went to an adjoining apartment to call an emergency number, that when she came out of the apartment defendant shot her in the shoulder, damaging muscles, nerve and bone, that defendant shot his father-in-law and mother-in-law as they attempted to come up the stairs toward the apartment, that the mother-in-law was shot in the face and right hand and her injury required a muscle transplant in a finger, that the father-in-law was shot in the side and right hand and forearm, and that defendant pointed a shotgun at a police officer who was assisting defendant's wounded wife and pulled the trigger but the gun did not fire.

APPEAL by defendant from *Cooper, Judge,* 1 May 1972 Criminal Session, Superior Court, DURHAM County.

Defendant was charged in separate bills of indictment with (1) assault with a deadly weapon with intent to kill on one Beulah Russell inflicting serious injury not resulting in death, (2) assault with a deadly weapon with intent to kill on one Edward Russell inflicting serious injury not resulting in death, (3) assault with a deadly weapon with intent to kill on Ann Mitchell inflicting serious injury not resulting in death, and (4) felonious assault with a firearm on a police officer in the performance of his duty. On the first two charges, he was found guilty of assault with a deadly weapon; on the third, assault with a deadly weapon inflicting serious injury; on the fourth, assault with a firearm upon a law enforcement officer in the performance of his duty. From judgments entered on the verdicts, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General O'Connell, for the State.*

*Arthur Vann for defendant appellant.*

MORRIS, Judge.

[1]   Upon the call of the cases, the State moved to consolidate the four cases for trial. Defendant moved for severance of the charge of assaulting the police officer. The court allowed the State's motion and denied defendant's motion. Defendant's exception is the basis for his first assignment of error. G.S. 15-152 provides that "[W]hen there are several charges against any person for the same act or transaction or for two or more acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated. . . . " All of the alleged assaults here occurred on the same day and within a period of a few minutes and at the same place. "Where a defendant is indicted in separate bills 'for two or more transactions of the same class of crimes or offenses' the court may in its discretion consolidate the indictments for trial. In exercising discretion the presiding judge should consider whether the alleged offenses are so separate in time or place and so distinct in circumstances as to ren-

---

State v. Mitchell

---

der a consolidation unjust and prejudicial to the defendant. . . . " *State v. White,* 256 N.C. 244, 247, 123 S.E. 2d 483 (1962). Defendant has shown no abuse of discretion. It is clear that the offenses charged are not so separate in time or place and so distinct in circumstances as to render consolidation unjust and prejudicial to defendant. This assignment of error is overruled.

[2] Defendant next assigns as error the ruling of the court that in order for defendant to use photographs on cross-examination to illustrate testimony of State's witness, the photographs must be introduced in evidence. Defendant argues that this results in prejudice to him and constitutes an abuse of the court's discretion because if the defendant offers no evidence, the right to open and close the argument to the jury shall belong to him. We said in *State v. Rich,* 13 N.C. App. 60, 185 S.E. 2d 288 (1971), cert. denied and appeal dismissed 280 N.C. 304, 186 S.E. 2d 179 (1972), that photographs must be introduced in evidence before they may be used to illustrate testimony. The photographs are not included as exhibits in the record. We find no abuse of discretion. This assignment of error is without merit.

[3] Defendant next contends that his motion for nonsuit should have been granted. The evidence for the State tends to show, in brief summary, that defendant and his wife had had a disagreement and he had twisted her hand with sufficient violence to cause it to swell. She called her parents to come and take her to work. They came, waited for her a few minutes and during that time had no argument with defendant. Defendant then accused his mother-in-law of pointing a gun at him, threatened to call the police, and went next door. As his wife and her parents were leaving they were stopped by an officer who asked if the mother-in-law had a gun. A search failed to reveal a gun, and they were allowed to leave. They took defendant's wife to her place of employment. She went in and stayed a few minutes and arranged to be absent from work. They then took her "downtown" where she had a warrant issued for defendant for assault. They then returned to the apartment of defendant and defendant's wife went to the door. The door was chained and she advised defendant that that action would constitute abandonment. Whereupon he opened the door, she entered, and he hit her in the chest and knocked her against the rail. She went next door to call an emergency number.

While she was in that apartment her father came up the stairs to be sure she was all right. She heard a "commotion," started out, and was shot by defendant in her shoulder damaging muscles, nerve, and bone. She fell to the floor. Defendant shot his father-in-law and mother-in-law as they attempted to come up the stairs and also as they retreated from the scene. The mother-in-law was shot in the face and right hand. Her injury required a muscle transplant in a finger and she wore a cast for some five or six weeks. The father-in-law was shot in the side and right hand, wrist and forearm. Officer Ford answered the call and found defendant's wife lying in a pool of blood. He stooped to assist her, and defendant stepped from his apartment, pointed a shotgun at Officer Ford and pulled the trigger. The officer heard the click but the gun did not fire. Ford ran around the corner of the building, took cover, pulled his pistol and ordered defendant to drop his weapon. Defendant did so and stepped back into his apartment. When the officer ordered him to come out, he came out holding his baby in front of him and said: "I am here." Officer Ford was dressed in full uniform. The evidence was ample to take the case to the jury and the court did not, as defendant contends, err in instructing the jury that they could return a verdict against the defendant in three cases of "guilty of assault with a deadly weapon with intent to kill inflicting serious injury." Nor was there error in instructions to the jury upon the charge of willful and felonious assault of a police officer in the performance of his duty. Assignments of error 6, 9, 10 and 11 are overruled.

Defendant's remaining assignments of error are directed to alleged errors in admitting or excluding evidence, refusal of the court to grant a temporary recess, and refusal to set the verdicts aside. All these have been carefully considered and found to be without merit.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.