STATE OF NORTH CAROLINA v. JEFFUS H. HALL

No. 8112SC1071

(Filed 1 June 1982)

**1. Larceny § 7.13— verdict of felonious larceny improper**

In a prosecution for first degree burglary and felonious larceny pursuant to the burglary, the trial court should have treated the jury's verdict of guilty of felonious larceny as a finding of guilty of misdemeanor larceny where the court in its charge did not instruct the jury to fix the value of the property but told them to find the defendant guilty of felonious larceny if they were satisfied beyond a reasonable doubt that the property was taken during the burglary or after a breaking or entering, and the defendant was found not guilty of the burglary and breaking or entering.

**2. Criminal Law § 102— offering exhibit while cross-examining State's witness— not substantive evidence—failure to give defendant last jury argument prejudicial error**

The trial court erred in not allowing the defendant to make the closing arguments to the jury where the only "evidence" the defendant put on was in using a sweatsuit to cross-examine the State's witness as to the characteristics of the sweatsuit. Since the article was not given to the jury for the purpose of their determination as to whether it impeached the witness's testimony, the sweatsuit was not offered into evidence, and under *State v. Raper*, 203 N.C. 489 (1932) and Rule 10 of the Superior and District Court Rules, it was prejudicial error to deprive the defendant of the last argument to the jury.

APPEAL by defendant from *Braswell, Judge*. Judgment entered 9 June 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 March 1982.

The defendant was tried for first degree burglary and felonious larceny pursuant to the burglary. The defendant was found not guilty of burglary and guilty of larceny. The defendant was sentenced to ten years imprisonment. He appealed.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

WEBB, Judge.

[1]   The defendant's first assignment of error is to the court's acceptance of a verdict of guilty to felonious larceny. The State agrees with the defendant that this assignment of error has merit. In this case the court in its charge did not instruct the jury to fix the value of the property but told them to find the defendant guilty of felonious larceny if they were satisfied beyond a reasonable doubt that the property was taken during the burglary or after a breaking or entering. The defendant was found not guilty of the burglary and breaking or entering. The jury could not find him guilty of felonious larceny under these circumstances and the court should have treated the verdict as a finding of guilty of misdemeanor larceny. *See State v. Cornell*, 51 N.C. App. 108, 275 S.E. 2d 857 (1981) and *State v. Keeter*, 35 N.C. App. 574, 241 S.E. 2d 708 (1978).

[2]   In his second assignment of error the defendant contends it was error not to let him make the closing argument to the jury. He contends he did not put on evidence. If the defendant put on evidence, it was through the offering of a sweatsuit as an exhibit while cross-examining a State's witness. Michael Gerard testified for the State. On cross-examination he said he saw the defendant in the yard of the person whose house was entered at the time of the breaking and entering. Mr. Gerard testified the defendant was wearing an orange sweatsuit. The following colloquy then occurred:

"Q. I believe you testified that the sweatsuit was orange on the top and bottom?

A. Right.

Q. And it had a black stripe down the sleeve?

A. No, I said it might have, I can't remember.

Q. Your memory is that it was a fully an orange sweatsuit?

A. It was a bright color, probably an orange, right.

Q. I hand you two pieces—

Court: One moment, sir. Have them marked for identification.

Q. I am sorry, I hand you what has been marked as Defendant's Exhibit 1 and 2 and ask you to examine it, Mr. Gerard.

A. (Witness complies)

Q. Have you seen those before this day?

A. Yes, these are the ones Mr. Hall was wearing.

Q. And, sir, what color would you say those pants are?

A. They are blue with orange stripes.

Q. And there isn't any black stripes on them at all is there?

A. No, sir."

From this colloquy it is apparent the defendant used an exhibit to cross-examine the State's witness as to the characteristics of the exhibit. The first question posed by this assignment of error is whether by doing so the defendant offered the exhibit into evidence. There have been several cases dealing with this question although we do not believe any are on all fours with the instant case. In *State v. Knight*, 261 N.C. 17, 134 S.E. 2d 101 (1964) our Supreme Court held that when the defendant on cross-examination had the prosecuting witness identify a television interview he had given and then showed the interview for the purpose of impeaching the witness, the defendant offered evidence. *Knight* is distinguishable from the instant case in that the television interview was shown to the jury for the purpose of impeaching the witness. In the instant case, the sweatsuit was shown to the witness and the defendant's attorney cross-examined the witness in regard to the sweatsuit in an effort to impeach him. The record shows the sweatsuit was not shown to the jury so that they might determine whether the witness was being truthful. In *State v. Baker*, 34 N.C. App. 434, 238 S.E. 2d 648 (1977) the defendant's counsel, while cross-examining the

State's witness, had the witness identify a picture of the defendant and then made a motion to introduce the picture in evidence to illustrate the testimony of the witness. The court allowed the motion. This Court held that by offering the picture into evidence, the defendant lost his right to the closing argument. In the instant case, the defendant did not make a motion to offer the sweatsuit into evidence. In *State v. Mitchell*, 17 N.C. App. 1, 193 S.E. 2d 400 (1972) the superior court ruled that before the defendant could use a photograph to illustrate the testimony of a witness who was being cross-examined, he had to offer the picture into evidence. This Court held this was not an abuse of discretion. *Mitchell* differs from this case in that the defendant in this case did not offer the sweatsuit for the purpose of impeachment but attempted to impeach the witness by cross-examining him as to the sweatsuit. In *State v. Rich*, 13 N.C. App. 60, 185 S.E. 2d 288 (1971) this Court held it was not an abuse of discretion for the superior court to refuse to allow the defendant's attorney on cross-examination to use photographs to illustrate the testimony of a witness.

From reading the above cases, we believe the proper test as to whether an object has been put in evidence is whether a party has offered it as substantive evidence or so that the jury may examine it and determine whether it illustrates, corroborates, or impeaches the testimony of a witness. If the party shows it to a witness to refresh his recollection, it has not been offered into evidence. In this case the defendant's attorney showed the sweatsuit to the witness and questioned the witness about it. It was not given to the jury for the purpose of their determination as to whether it impeached the witness. We hold the sweatsuit was not offered into evidence. The defendant should have had the last jury argument.

Since we have held that it was error to deprive the defendant of the last argument to the jury, the question is whether this was prejudicial error. In *State v. Raper*, 203 N.C. 489, 166 S.E. 314 (1932) our Supreme Court held it was reversible error not to allow the defendant to have the closing argument when he had introduced no evidence. If we are not bound to reverse under *Raper*, it is because of a change in the rules since that case was decided. At the time of *Raper*, the Rules of Practice in the North Carolina Superior Courts, 200 N.C. 843, provided in part:

"3. Opening and Conclusion.

In all cases, civil or criminal, when no evidence is introduced by the defendant, the right of reply and conclusion shall belong to his counsel.

\*    \*    \*

6. Decision of Right to Conclude Not Appealable.

In any case where a question shall arise as to whether the counsel for the plaintiff or the counsel for the defendant shall have the reply and the conclusion of the argument the court shall decide who is so entitled, and, except in cases mentioned in Rule 3, its decision shall be final and not reviewable."

Rule 10 of the Superior and District Court Rules now provides:

"In all cases, civil or criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him. If a question arises as to whether the plaintiff or the defendant has the final argument to the jury, the court shall decide who is so entitled, and its decision shall be final."

After *Raper* was decided, Rule 6 was combined with Rule 3 to become the new Rule 10 so that the superior court's decision as to who had the last argument on the basis of the introduction of evidence would be final. In this revision of the rules, the words "and not reviewable" were deleted. With these words deleted from the rule, we cannot hold that it is so clear that Rule 10 overrules *Raper* that we are not bound by it. We hold it was reversible error to deprive the defendant of the last argument.

The defendant has been found not guilty of felonious larceny. We hold there must be a new trial as to whether he is guilty of misdemeanor larceny.

New trial.

Judges CLARK and ARNOLD concur.