STATE OF NORTH CAROLINA v. JOHN THOMAS MACON

No. 146A96

(Filed 9 May 1997)

1. **Criminal Law § 420 (NCI4th Rev.)— cross-examination—officer's reading of notes—introduction of evidence—loss of right to last argument**

Although an officer's notes taken during an interview of defendant following the shooting of defendant's estranged wife were not themselves introduced into evidence, the officer's reading of those notes to the jury during cross-examination by defendant constituted the introduction of evidence by defendant which deprived defendant of the right to make the final argument to the jury where the jury received the contents of defendant's statement as substantive evidence without any limiting instruction. Rule 10, General Rules of Practice for the Superior and District Courts.

**Am Jur 2d, Trial §§ 539-542.**

2. **Evidence and Witnesses § 167 (NCI4th)— possession of gun—threats by victim and family—relevancy to rebut premeditation and deliberation—exclusion not prejudicial**

Evidence that a murder victim, her family members, and a friend had threatened defendant's life and that, for that reason, he carried a gun with him when he went to see the victim the night the victim was shot was relevant to explain defendant's conduct on the night of the shooting and to rebut the State's contention that the fact defendant carried a gun with him was evidence of premeditation and deliberation. However, the trial court did not abuse its discretion by excluding evidence of the alleged threats where defendant did not rely upon self-defense or other

legal provocation as a defense, and the trial court reasonably could have concluded that the admission of this evidence would have substantially prejudiced the State and would have served only to delay the proceedings, to inflame the jury, or to confuse the issues. N.C.G.S. § 8C-1, Rule 403.

Am Jur 2d, Evidence §§ 340, 347.

3. Evidence and Witnesses § 876 (NCI4th)— fear of defendant—state-of-mind hearsay exception—irrelevancy—admission not prejudicial

Even if evidence of statements by a murder victim that she thought defendant had made some "hang-up" calls and she was afraid was improperly admitted under the state-of-mind exception to the hearsay rule set forth in N.C.G.S. § 8C-1, Rule 803(3) because neither the victim's state of mind nor the relationship of the victim and defendant was relevant to the shooting in this case, the admission of this evidence was not prejudicial error where the State introduced overwhelming evidence of defendant's guilt, the jury found defendant guilty of first-degree murder based on the theory of lying in wait, and defendant failed to meet his burden of showing that a reasonable possibility exists that a different result would have been reached absent the alleged error.

Am Jur 2d, Evidence §§ 556-558.

4. Criminal Law § 467 (NCI4th Rev.)— murder case—prosecutor's arguments—proper contentions and inferences

The prosecutor's arguments in a first-degree murder prosecution that it was not likely that defendant's automobile just happened to run out of gas in a wooded area near the place where he would soon kill his estranged wife and that self-defense was not a defense in this case were well within the wide latitude allowed counsel in stating contentions and drawing inferences from the evidence and did not improperly demean the defense and defense counsel.

Am Jur 2d, Trial §§ 632-639.

Propriety and prejudicial effect of prosecutor's argument to jury indicating his belief or knowledge as to guilt of accused—modern state cases. 88 ALR3d 449.

STATE v. MACON

[346 N.C. 109 (1997)]

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Burke, J., at the 17 October 1995 Criminal Session of Superior Court, Randolph County, upon a jury verdict of guilty of first-degree murder. Defendant's motion to bypass the Court of Appeals as to an additional judgment for assault was allowed 7 November 1996. Heard in the Supreme Court 20 March 1997.

*Michael F. Easley, Attorney General, by Francis W. Crawley, Special Deputy Attorney General, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

FRYE, Justice.

Defendant, John Thomas Macon, was properly indicted for kidnapping and murder in the first degree of Donna Inman Macon. In the District Court, Randolph County, defendant was tried and convicted of assault by pointing a gun at Phillip Ray Inman. He appealed this conviction to the Superior Court, Randolph County, and the assault charge was tried with the kidnapping and murder charges. Defendant was tried capitally to a jury at the 17 October 1995 Criminal Session of Superior Court. The jury found defendant guilty of first-degree murder by lying in wait, guilty of assault by pointing a gun, and not guilty of kidnapping. Judge L. Todd Burke determined that there were no aggravating circumstances to submit to the jury and thus sentenced defendant to a mandatory term of life imprisonment for the first-degree murder conviction. Defendant was also sentenced to a concurrent six-month sentence for the assault conviction. Defendant appeals to this Court as of right from the first-degree murder conviction; his motion to bypass the Court of Appeals on the assault conviction was allowed.

On appeal to this Court, defendant brings forward four assignments of error. After reviewing the record, transcript, briefs, and oral arguments of counsel in this case, we conclude that defendant received a fair trial, free of prejudicial error.

The State's evidence presented at trial tended to show the following facts and circumstances. The victim, Donna Inman Macon, and defendant had been married for approximately five years before they separated in March 1994. On 17 March 1994, the victim and defendant separated, and the victim moved into the home of her father, Phillip Inman (Mr. Inman), and his wife, Mary Ethel Inman

(Mrs. Inman). The victim and Mrs. Inman worked together at Graybrier Nursing Home in Archdale.

On Sunday, 10 April 1994, Mr. Inman drove to the nursing home at 12:50 a.m. to pick up his wife and daughter from work. As his daughter was getting into the automobile, defendant suddenly appeared, grabbed her by the neck, and held a gun to her head. Defendant "stuck" the gun in Mr. Inman's face, and defendant told Mr. Inman to back off or he would blow Mr. Inman's head off. As Mr. Inman backed away from defendant, he pleaded with defendant to put the gun down. The victim struggled as defendant, with the gun to victim's head, forced her back toward the entrance of the nursing home. When defendant and the victim reached the front door of the nursing home, defendant was talking to her and the gun discharged. The victim fell on the grass, and defendant ran toward the road. Mr. Inman testified that about one minute elapsed between the time the victim exited the building and the shooting. The victim died as a result of a single gunshot wound to the right side of her head.

At the conclusion of the State's case, the trial court denied defendant's motion to dismiss. After the court held the jury instruction conference, it informed defendant that he would not be allowed to make the final argument to the jury because he had introduced evidence when he cross-examined a police officer about his statement to police. Defendant argued that he had already told the court that he would not introduce any evidence and excepted to the court's ruling. In light of the court's ruling on the closing argument, defendant requested that he be allowed to put on evidence. The motion was allowed, and defendant introduced evidence tending to show his relationship with the victim and her family and rumors of threats made by the victim, her family members, and a friend against defendant's life. Defendant also introduced evidence of the dramatic change in his demeanor after the separation. Defendant did not testify at trial.

The trial court denied defendant's motion to dismiss made at the close of all the evidence.

[1] By an assignment of error, defendant contends that the trial court erred in not allowing him the final argument to the jury. We disagree.

"Rule 10 of the General Rules of Practice for the Superior and District Courts states that 'if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong

STATE v. MACON

[346 N.C. 109 (1997)]

to him.' " *State v. Skipper*, 337 N.C. 1, 31, 446 S.E.2d 252, 268 (1994), *cert. denied*, —— U.S. ——, 130 L. Ed. 2d 895 (1995). In *State v. Hall*, 57 N.C. App. 561, 291 S.E.2d 812 (1982), Judge (now Justice) Webb noted:

> [W]e believe the proper test as to whether an object has been put in evidence is whether a party has offered it as substantive evidence or so that the jury may examine it and determine whether it illustrates, corroborates, or impeaches the testimony of the witness.

*Id.* at 564, 291 S.E.2d at 814.

In the instant case, Officer Mickey Denny of the Archdale Police Department testified on direct examination by the State as to the sequence of the investigation of the victim's death, including testimony about the crime scene and a search of defendant's home. Officer Denny also testified about letters found during a search of defendant's home. The letters, which were subsequently identified as being authored by defendant, tended to show that defendant planned to kill the victim. Officer Denny read these letters to the jury.

On cross-examination, defense counsel questioned Officer Denny about the complete details of the investigation. Defense counsel asked Denny if he and another officer spoke with defendant on 11 April 1994 shortly after the shooting and if the other officer had made notes of the interview. After Officer Denny indicated that the other officer had taken notes of that interview, defense counsel asked Officer Denny to read those notes to the jury. The State objected to the reading of the notes to the jury on the grounds that defendant had not testified and the statement was "self-serving." The trial court overruled the State's objection and allowed defense counsel to question Officer Denny regarding the statement defendant gave to the police during the interview. Officer Denny testified from the notes of another officer, who actually conducted the interrogation. The notes were marked as an exhibit but were not offered into evidence and were not published to the jury.

At the conclusion of the State's case-in-chief, defense counsel notified the trial court that defendant would not be offering any evidence. The trial court ruled that when Officer Denny read the notes to the jury, defendant had offered evidence, and therefore, defendant could not have the final argument to the jury. Defendant excepted to the court's ruling and then requested that he be allowed to "put forth

further evidence." The trial court granted defendant's request and allowed him to present additional evidence.

Defendant argues that, based on the court's erroneous conclusion that he had offered evidence through the testimony of Officer Denny, he was deprived of his substantial legal right to make the final argument to the jury. Defendant argues that the statement simply gave more information about the investigation and that it neither impeached Officer Denny's veracity nor illustrated or corroborated his testimony. Thus, defendant argues that he had not "offered" evidence at that point. We conclude, however, that the testimony of Officer Denny regarding the notes taken during the interview of defendant following the shooting was actually offered into evidence; thus, defendant lost his right to open and close jury argument. *See Skipper*, 337 N.C. at 31, 446 S.E.2d at 269; *State v. Reeb*, 331 N.C. 159, 180, 415 S.E.2d 362, 374 (1992); *State v. Hinson*, 310 N.C. 245, 257, 311 S.E.2d 256, 264, *cert. denied*, 469 U.S. 839, 83 L. Ed. 2d 78 (1984); *State v. Knight*, 261 N.C. 17, 30, 134 S.E.2d 101, 109 (1964).

During defendant's cross-examination of Officer Denny, and before the State had presented any evidence regarding defendant's postarrest statement to police, defense counsel asked Officer Denny to read notes of defendant's statement to the police given shortly after the shooting. Although the writing was not itself introduced into evidence by defendant, Officer Denny's reading of its contents to the jury satisfies the requirement in Rule 10 of the General Rules of Practice for the Superior and District Courts that evidence has to be introduced by defendant in order to deprive him of the opening and closing arguments to the jury. The jury received the contents of defendant's statement as substantive evidence without any limiting instruction, not for corroborative or impeachment purposes, as defendant did not testify at trial and the statement did not relate in any way to Officer Denny. Therefore, we reject defendant's assignment of error.

[2] By another assignment of error, defendant contends that the trial court deprived him of his federal and state constitutional rights to present a defense when it excluded evidence of alleged threats and misconduct directed toward him by the victim, her family members, and a friend. The court excluded this evidence on the ground that it was irrelevant.

Defendant argues that this evidence was relevant to show why defendant felt that he needed to carry a gun with him when he was

going to see the victim and to show defendant's state of mind as it related to premeditation and deliberation. We agree.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1992). Generally, all relevant evidence is admissible. N.C.G.S. § 8C-1, Rule 402 (1992). We have said that "in a criminal case every circumstance calculated to throw any light upon the supposed crime is admissible and permissible." *State v. Collins*, 335 N.C. 729, 735, 440 S.E.2d 559, 562 (1994). This Court has also said that

> it is not required that the evidence bear directly on the question in issue, and it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or to weigh the reasonableness of their contentions.

*State v. Stanley*, 310 N.C. 353, 365, 312 S.E.2d 482, 490 (1984).

In the instant case, defendant sought to introduce evidence that the victim, her family members, and a friend had threatened defendant's life and that, for this reason, he carried a gun with him when he went to see the victim on the night of the shooting. We conclude that the evidence was relevant to explain defendant's conduct on the night of the shooting. The evidence was also relevant to rebut the State's contention that the fact that defendant carried a gun with him on the night of the shooting was evidence of premeditation and deliberation and of lying in wait. We therefore conclude that the evidence was competent and relevant to show the circumstances surrounding the parties, that it may have been helpful to properly understand the parties' conduct or motives, and that it would have been helpful to the jury in weighing the reasonableness of defendant's contentions.

However, the trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. § 8C-1, Rule 403 (1992). "Whether to exclude relevant but prejudicial evidence under Rule 403 is a matter left to the sound discretion of the trial court." *State v. Handy*, 331 N.C. 515, 532, 419 S.E.2d 545, 554 (1992). We conclude that the trial court did not abuse its discretion by excluding evidence of the

alleged threats in this case. Since defendant was not relying upon self-defense or other legal provocation as a defense, the trial court reasonably could have concluded that the admission of the proffered evidence would have substantially prejudiced the State and would have served only to delay the proceedings, to inflame the jury, or to confuse the issues. Accordingly, the trial court did not abuse its discretion in excluding this evidence, and we reject this assignment of error.

[3] By another assignment of error, defendant contends that the trial court committed prejudicial error in admitting statements of the victim regarding her fear of defendant. Over defendant's objection, the trial court allowed two witnesses to testify that the victim said she thought defendant had made some "hang up" calls and that she was afraid. Defendant argues that "[t]here was no evidence that the defendant made the calls, and in any event, the victim's fear was not relevant to any issue in this particular case." Also, defendant argues that the evidence was improperly used to show his state of mind.

"Hearsay testimony is not admissible except as provided by statute or by the North Carolina Rules of Evidence." *State v. Wilson*, 322 N.C. 117, 131-32, 367 S.E.2d 589, 597 (1988). In the instant case, the trial court found the statements admissible under Rule 803(3) of the North Carolina Rules of Evidence. Rule 803(3) provides that "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)" is not excluded by the hearsay rule. N.C.G.S. § 8C-1, Rule 803(3) (1992). Thus, evidence tending to show a declarant's then-existing state of mind is an exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(3); *State v. Burke*, 343 N.C. 129, 142, 469 S.E.2d 901, 907, *cert. denied*, —— U.S. ——, 136 L. Ed. 2d 409 (1996).

"[E]vidence tending to show the state of mind of the victim is admissible as long as the declarant's state of mind is relevant to the case." *State v. Jones*, 337 N.C. 198, 209, 446 S.E.2d 32, 38 (1994). "It is well established in North Carolina that a murder victim's statements falling within the state of mind exception to the hearsay rule are highly relevant to show the status of the victim's relationship to the defendant." *State v. Scott*, 343 N.C. 313, 335, 471 S.E.2d 605, 618 (1996); *see State v. Crawford*, 344 N.C. 65, 76, 472 S.E.2d 920, 927 (1996) (conversations relating directly to victim's fear of defendant admissible under the state-of-mind exception to show the nature of

victim's relationship with defendant and the impact of defendant's behavior on victim's state of mind prior to her murder); *State v. McHone*, 334 N.C. 627, 637, 435 S.E.2d 296, 301-02 (1993) (state of mind relevant to show a stormy relationship between victim and defendant prior to the murder), *cert. denied*, 511 U.S. 1046, 128 L. Ed. 2d 220 (1994); *State v. Lynch*, 327 N.C. 210, 222, 393 S.E.2d 811, 818-19 (1990) (defendant's threats to victim shortly before the murder admissible to show victim's then-existing state of mind).

Assuming, as defendant contends, that neither the victim's state of mind nor the relationship of the victim and defendant is relevant to the shooting in this case, we nevertheless conclude that the admission of evidence that defendant may have made "hang up" calls to the victim was not prejudicial error. The failure of a trial court to admit or exclude evidence will not result in the granting of a new trial absent a showing by the defendant that a reasonable possibility exists that a different result would have been reached absent the error. *Burke*, 343 N.C. at 142-43, 469 S.E.2d at 907; *see* N.C.G.S. § 15A-1443(a) (1988). In the instant case, defendant has failed to make such a showing. The State introduced at trial overwhelming evidence of defendant's guilt. The evidence clearly showed that when Mr. Inman arrived at the nursing home to pick up his wife and daughter from work, neither defendant nor defendant's automobile was anywhere in sight. Indeed, defendant's automobile was found in a nearby wooded area. Defendant suddenly appeared with a handgun and grabbed the victim by the neck, pointing the gun at her head. After shooting the victim, defendant fled towards the road where his automobile was found. The jury returned a verdict of guilty of first-degree murder based on the theory of lying in wait and rejected verdicts of guilty of first-degree murder based on theories of premeditation and deliberation and of felony murder. Defendant has not met his burden of showing that a reasonable possibility exists that a different result would have been reached absent the alleged error. Accordingly, we reject this assignment of error.

**[4]** By his final assignment of error, defendant contends that the trial court erred in failing to sustain an objection to the prosecutor's argument. We disagree.

Defendant objected to portions of the prosecutor's argument which he contends demeaned defense counsel and the defense. Defendant argues that the trial court erred when it overruled defendant's objection to these arguments. The prosecutor argued that it was

not likely that defendant's automobile just happened to run out of gas in a wooded area near the place where he would soon kill his estranged wife. The prosecutor also argued that self-defense was not a defense in this case. Defendant argues on appeal that "[t]he prosecutor's argument was a sarcastic swipe at [defense counsel] and the defense."

We conclude, however, that defendant has not shown error in this instance. "The arguments of counsel are left largely to the control and discretion of the trial judge, and counsel will be granted wide latitude in the argument of hotly contested cases." *State v. Ocasio*, 344 N.C. 568, 579, 476 S.E.2d 281, 287 (1996). "Counsel are entitled to argue to the jury all the law and facts in evidence and all reasonable inferences that may be drawn therefrom, but may not place before the jury incompetent and prejudicial matters and may not travel outside the record by interjecting facts of their own knowledge or other facts not included in the evidence." *State v. Syriani*, 333 N.C. 350, 398, 428 S.E.2d 118, 144, *cert. denied*, 510 U.S. 948, 126 L. Ed. 2d 341 (1993).

Applying these principles, the prosecutor's argument was well within the wide latitude allowed counsel in stating contentions and drawing inferences from the evidence. Further, the trial court instructed the jurors that if their recollection of the evidence differed from that of the court, the district attorney, or the defense attorney, they were to rely solely upon their recollection of the evidence in their deliberations. We conclude that the trial court did not err in overruling defendant's objections to the prosecutor's argument. Accordingly, we reject defendant's final assignment of error.

For the foregoing reasons, we hold that defendant received a fair trial, free of prejudicial error.

NO ERROR.