STATE OF NORTH CAROLINA v. DEMOND ANTONIO WELLS, DEFENDANT

No. COA04-952

(Filed 21 June 2005)

**Criminal Law— final closing argument—evidence not introduced on cross-examination**

Defendant did not introduce new evidence within the meaning of Rule 10 of the General Rules of Practice, and should have had the final argument, where he cross-examined a witness by reading from a prior statement which was never formally intro-

STATE v. WELLS

[171 N.C. App. 136 (2005)]

duced. The questioning was about statements directly related to the witness's testimony on direct examination.

Appeal by defendant from judgment entered by Judge Paul L. Jones in the Superior Court in New Hanover County. Heard in the Court of Appeals 15 February 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General H. Dean Bowman, for the State.*

*Hosford & Hosford, P.L.L.C., by Sofie W. Hosford, for defendant.*

HUDSON, Judge.

Defendant Demond Antonio Wells was indicted for first-degree murder, carrying a concealed weapon, assault with a deadly weapon with intent to kill inflicting serious injury, and discharging a firearm into occupied property. At the 16 February 2004 Criminal Session of Superior Court in New Hanover County, the court dismissed the charge of assault with a deadly weapon, and the jury found defendant guilty of second-degree murder and carrying a concealed weapon, but not guilty of discharging a firearm into an occupied property. Finding defendant to be record level II, the court sentenced defendant to 180 to 225 months imprisonment on the murder charge, and forty-five days in custody of the sheriff with credit for time served on the concealed weapons charge. Defendant appeals. We conclude that he is entitled to a new trial.

Defendant worked as a recording engineer, paying an hourly fee to subcontract Heavy Rotation, a recording studio owned in part by Charles Echols. On 17 December 2002, defendant argued with the victim, Roncin Sanders, at the studio in a disagreement about defendant's commitment to record tracks for the victim's music group. Ladiamond Jones, a friend of the victim, accompanied Sanders. The argument continued outside the recording studio, and defendant and the victim began fighting. Jones eventually joined in the fight as well, though it was unclear whether he was participating or only trying to break it up. Shortly thereafter, witnesses heard a series of gunshots. Witness William Bell testified that defendant was not being attacked when he fired at the victim. Defendant shot the victim in the hand and chest, killing him, and later turned himself into police.

Defendant first argues that the court erred in denying him the final closing argument. Defendant contends he did not introduce evi-

dence within the meaning of Rule 10 of the General Rules of Practice for the Superior and District Courts and retained the right to open and close the arguments. We agree.

Rule 10 provides that in cases where the defendant introduces no evidence, "the right to open and close the argument to the jury shall belong to him." N.C. Super. and Dist. Ct. R. 10. In support of his argument, defendant cites *State v. Shuler*, which summarizes the law on this point as follows:

> As a general proposition, any testimony elicited during cross-examination is 'considered as coming from the party calling the witness, even though its only relevance is its tendency to support the cross-examiner's case. Kenneth S. Broun, Brandis & Broun on North Carolina Evidence § 170, at 559 (5th ed. 1998) [hereinafter North Carolina Evidence]. Indeed, the general rule also provides there is no right to offer evidence during cross-examination. *Id.*; *State v. Yoes* and *Hale v. State*, 271 N.C. 616, 646, 157 S.E.2d 386, 409 (1967). Nonetheless, evidence may be 'introduced,' within the meaning of Rule 10, during cross-examination when it is 'offered' into evidence by the cross-examiner, *State v. Hall*, 57 N.C. App. 561, 564, 291 S.E.2d 812, 814 (1982); *see* North Carolina Evidence § 18, at 70, and accepted as such by the trial court. North Carolina Evidence § 170, at 560 n.592; *State v. Baker*, 34 N.C. App. 434, 441, 238 S.E.2d 648, 652 (1977). Although not formally offered and accepted into evidence, evidence is also 'introduced' when new matter is presented to the jury during cross-examination and that matter is not relevant to any issue in the case. *See State v. Macon*, 346 N.C. 109, 114, 484 S.E.2d 538, 541 (1997); N.C.G.S. § 8C-1, Rule 611(b) (1992). New matters raised during the cross-examination, which are relevant, do not constitute the 'introduction' of evidence within the meaning of Rule 10. *See* N.C.G.S. § 8C-1, Rule 401. To hold otherwise, 'would place upon a defendant the intolerable burden of electing to either refrain from the exercise of his constitutional right to cross-examine and thereby suffer adverse testimony to stand in the record unchallenged and un-impeached or forfeit the valuable procedural right to closing argument.' *Beard v. State*, 104 So. 2d 680, 682 (Fla. Dist. Ct. App. 1958).

*State v. Shuler*, 135 N.C. App. 449, 452-53, 520 S.E.2d 585, 588-89 (1999) (some internal quotation marks and citations omitted). In *Shuler*, we granted a new trial to the defendant, after the trial court

**STATE v. WELLS**

[171 N.C. App. 136 (2005)]

erroneously denied her the right to make the final closing argument. Defendant Shuler, on trial for embezzlement, had attended several interviews with a co-worker, Jackson, who testified against Shuler at trial. On direct examination, Jackson testified to various statements made by Shuler during the interviews. On cross-examination, defense counsel asked Jackson to read portions of transcripts from the interviews to put Shuler's statements into context and also questioned Jackson about her accounting procedures and other topics discussed in the interviews. This Court held that, although some of the topics raised on cross-examination were "new matters," all were "relevant to Jackson's testimony during direct examination." *Id.* at 454, 520 S.E.2d at 589.

Here, defendant contends that he did not offer evidence as meant by Rule 10 when he cross-examined witness Bell about inconsistencies between two statements he gave about the shooting. During its case-in-chief, the State introduced a statement Bell gave to detectives on 18 December 2002 describing the shooting. In this statement, offered as substantive evidence without objection from defendant, Bell stated that defendant stood in the middle of the street and fired at the victim and Jones as they fled, then casually drove away. On cross-examination, defendant moved to introduce a statement Bell gave on 17 December 2002, in which he stated that defendant was running away from the recording studio as he fired at the victims. As defense counsel moved to introduce the earlier statement, the following colloquy occurred:

> Prosecutor: Your honor, if counsel is going to refer to that statement, he needs to introduce it and I don't object to that at all.
>
> Defense counsel: Okay, move to introduce Defendant's Exhibit No. 1.
>
> The court: Well, it's the State's case.
>
> Defense counsel: It's been marked for identification and when it's our turn, I'll introduce it.

Defense counsel then read the entire statement, line by line, asking Bell if he agreed with each sentence. However, defendant presented no evidence, and defense counsel never formally introduced the statement.

While the colloquy reveals that this evidence was never formally received into evidence, the State contends that defendant's cross-

examination of Bell constituted an introduction of evidence because it was received as substantive evidence. The State cites *State v. Macon*, 346 N.C. 109, 484 S.E.2d 538 (1997), in support of its argument. Factual distinctions from the case here, however, render it inapposite. In *Macon*, "[d]uring defendant's cross-examination of [police] Officer Denny, and before the State had presented any evidence regarding defendant's postarrest statement to police, defense counsel asked Officer Denny to read notes of defendant's statement to the police given shortly after the shooting." *Id.* at 114, 484 S.E.2d at 541. Our Supreme Court held that because this testimony was introduced as "substantive evidence without any limiting instruction, not for corroborative or impeachment purposes, as defendant did not testify at trial and the statement did not relate in any way to Officer Denny," it constituted an introduction of evidence by the defendant.

We conclude that the circumstances here are more analogous to *Shuler* than to *Macon*. In *Macon*, the evidence at issue involved a new matter, not relevant to Officer Denny's testimony on direct, as the State's witnesses had not previously mentioned anything about the defendant's post-arrest statement. Defense counsel asked Officer Denny to read notes referring to the defendant's own statement to police, in an apparent attempt to bring self-serving statements before the jury without putting the defendant on the stand. In contrast, here, as in *Shuler*, a witness on the stand was questioned about statements directly related to the witness' own testimony on direct examination.

Because defendant did not introduce any evidence within the meaning of Rule 10, the court erred in depriving him of the right to the closing argument to the jury. As we did in *Shuler*, we conclude that this error entitles defendant to a new trial. *Shuler*, 135 N.C. App. at 455, 520 S.E.2d at 590.

Because we hold that defendant should receive a new trial on the basis of the issue discussed above, we decline to address defendant's other arguments.

New trial.

Judges WYNN and STEELMAN concur.