STATE OF NORTH CAROLINA v. NORRIS DONNELL BELL, DEFENDANT

No. COA05-1382

(Filed 5 September 2006)

**Criminal Law— final closing argument—evidence not introduced on cross-examination**

The trial court erred by depriving defendant of the right to the final closing argument where he cross-examined an SBI agent about the method and instruments she used to determine the nature of the substance seized from defendant's sock. Defendant did not introduce evidence within the meaning of Rule 10 of the General Rules of Practice for the Superior and District Courts.

Appeal by Defendant from judgment entered 8 February 2005 by Judge Kenneth C. Titus in Superior Court, Wake County. Heard in the Court of Appeals 22 August 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Heather H. Freeman, for the State.*

*Haral E. Carlin for defendant-appellant.*

WYNN, Judge.

"In all cases, civil or criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him."[1] Defendant argues that since he offered no evidence at his trial, the trial court erred by denying him the right to close argument to the jury. For the reasons given in *State v. Shuler*, 135 N.C. App. 449, 452-53, 520 S.E.2d 585, 588-89 (1999) and *State v. Wells*, 171 N.C. App. 136, 140, 613 S.E.2d 705, 706-08 (2005), we agree with Defendant and order a new trial.

This appeal arises from Defendant's trial on the charges of possession of cocaine and attaining habitual felon status. At the end of the State's evidence, Defendant did not present evidence on his own behalf. However, the trial judge stated that he was allowing the State the final argument to the jury because defense counsel had forfeited the right to final closing argument by cross-examining the State's witness, Agent Amy Bommer (a forensic drug chemist), with a document which was not admitted into evidence, and questioning her concern-

---

1. N.C. Super. and Dist. Ct. R. 10.

ing that document. Defense counsel objected to losing his final closing argument.

Following his conviction on the charges and resulting sentence of 95 to 123 months' imprisonment, Defendant appealed on several issues, seeking a new trial. We find it dispositive that he is entitled to a new trial based on the failure to allow his counsel closing argument.

The right of a defendant to present a final closing argument to a jury is governed by Rule 10 of the General Rules of Practice for the Superior and District Courts, which provides that, in cases in which the Defendant introduces no evidence, "the right to open and close the argument to the jury shall belong to him." N.C. Super. and Dist. Ct. R. 10. Although there is no right to offer evidence during cross-examination, evidence may be found to be "introduced" during cross-examination, within the meaning of Rule 10, when: (1) it is "offered" into evidence by the cross-examiner; or (2) the cross-examination introduces new matter that is not relevant to any issue in the case. *Shuler*, 135 N.C. App. at 452-53, 520 S.E.2d at 588 (citations omitted). If new matter raised during cross-examination is relevant, it is not considered "introduced" within the meaning of Rule 10. *Id.* at 453, 520 S.E.2d at 588 (citing N.C. Gen. Stat. § 8C-1, Rule 401).

In *Shuler*, this Court granted a new trial to a defendant after the trial court denied the defendant's right to the closing jury argument based on its erroneous finding that the defendant had introduced new evidence during her cross-examination of a State witness. On direct examination, the State's witness testified to various statements the defendant made during interviews the two had attended. On cross-examination, defense counsel asked the witness to read portions of transcripts from the interviews to put the defendant's statements into context, and questioned the witness about her accounting procedures and other topics discussed during the interviews. This Court concluded that matters raised during the defendant's cross-examination of the State's witness were relevant to evidence introduced by the State. Therefore, the defendant did not introduce any new evidence on cross-examination, and the trial court wrongly denied defendant's right to the closing jury argument. *Id.* at 455, 520 S.E.2d at 589-90.

Likewise, we granted a new trial to the defendant in *State v. Wells*, 171 N.C. App. 136, 613 S.E.2d 705 (2005), on the grounds that the trial court erred by depriving the defendant of his right to close to the jury. In *Wells*, the defendant was on trial for murder. During direct examination, the State introduced a statement the

witness gave to detectives on 18 December 2002, in which the witness stated that the defendant stood in the middle of the street and fired at the victim and another as they fled, then casually drove away. On cross-examination, the defendant moved to introduce the witness's 17 December 2002 statement, in which the witness stated that defendant was running away from the recording studio as he fired at the victims. This Court concluded that the witness was questioned about statements which directly related to the witness's own testimony on direct examination. Therefore, the defendant did not introduce any evidence within the meaning of Rule 10, and the trial court erred in depriving him of the right to the closing argument to the jury. *Id.* at 140, 613 S.E.2d at 708.

. In the present case, the State questioned Agent Bommer about the tests, instruments, and procedures she used to reach her conclusion that the powdery substance seized was cocaine. On direct examination, the prosecutor asked Agent Bommer, "So cocaine has a particular graph that will come out after being bombarded?" Agent Bommer replied, "Correct." On cross-examination, the following questioning occurred:

Q. Did you bring that graph with you?

A. Yes.

Q. May I see it?

A. Sure.

[DEFENSE COUNSEL]: May I approach, please?

COURT: Yes.

THE WITNESS: (Document tendered.)

[DEFENSE COUNSEL]: Thank you.

Q. So actually it's various graphs; is that correct?

A. It's various sheets of paper that's been printed out as the report.

* * * *

Q. Thank you (document tendered).

Defense counsel also cross-examined Agent Bommer about a lab report that she used during her testimony on direct examination. Counsel asked Agent Bommer if she produced a lab report outlining the results of her examination. Agent Bommer responded, "It's part of

the process." Defense counsel subsequently asked, "And do you have a copy of it in front of you?" She responded, "I have a copy of the shortened report in front of me. The DAs get [] a three- to four-page copy of the report."

Finally, defense counsel cross-examined Agent Bommer as follows:

Q: Okay, you brought all of your records and notes concerning this case?

A: Yes, I have my case notes with me.

Q: May I approach?

COURT: Yes, you may.

Q: Can I see those, please?

The witness tendered the documents.

[DEFENSE COUNSEL]: Thank you.

Thank you. (Documents tendered.)

Here, defense counsel's questioning was related to Agent Bommer's testimony on direct examination regarding the method and instruments she used to determine the nature of the substance seized from defendant's sock. We conclude that defense counsel's cross-examination of Agent Bommer was relevant and directly related to Agent Bommer's testimony during direct examination.

In sum, we hold that Defendant did not introduce any evidence within the meaning of Rule 10, and the trial court therefore erred in depriving him of the right to the closing argument to the jury. As in *Shuler* and *Wells*, we conclude that this error entitles Defendant to a new trial. *Shuler*, 135 N.C. App. at 455, 520 S.E.2d at 590; *Wells*, 171 N.C. App. at 140, 613 S.E.2d at 708; *see also State v. Raper*, 203 N.C. 489, 492, 166 S.E. 314, 315 (1932) (holding that the closing argument to the jury is a "substantial legal right," the denial of which necessitates a new trial); *State v. Hall*, 57 N.C. App. 561, 564-65, 291 S.E.2d 812, 815 (1982) (finding that the precedent of *Raper* was not superseded by amendments to Rule 10 of the General Rules of Practice for the Superior and District Courts).

New trial.

Judges HUDSON and TYSON concur.