STATE OF NORTH CAROLINA v. RICKY JACKSON HENNIS, SR.

No. COA06-1134

(Filed 3 July 2007)

**Criminal Law— final argument—witness drawing diagram during cross-examination—not the introduction of evidence**

The trial court erroneously denied defendant the final argument based on offering evidence where defendant asked a detective during cross-examination to draw a diagram of the arrest scene and cross-examined the detective about changes to an incident report he had filed. The exhibits related directly to the detective's testimony on direct examination, did not constitute substantive evidence, and were not "offered" into evidence by defendant.

Appeal by defendant from judgment entered 9 May 2006 by Judge Judson D. DeRamus in Rockingham County Superior Court. Heard in the Court of Appeals 21 May 2007.

*Roy Cooper, Attorney General, by Derrick C. Mertz, Assistant Attorney General, for the State.*

*J. Clark Fischer for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was convicted by a jury of felonious possession of cocaine and possession of drug paraphernalia and subsequently entered a plea of guilty to habitual felon status pursuant to a plea agreement. He appeals from a judgment sentencing him to a term of imprisonment for a minimum of 80 months and a maximum of 105 months.

The State's evidence at trial tended to show that three detectives of the Rockingham County Vice Narcotics Unit conducted "knock and talk" operations in defendant's neighborhood on 8 July 2005. Defendant's residence was an area of investigative interest based on several anonymous complaints of drug activity. The detectives drove past defendant's residence, observed a truck pull into the driveway, and pulled in behind the truck. As the detectives approached the truck, they noticed a crack pipe on the seat between the driver and defendant, who was in the passenger seat. Defendant

exited the vehicle, and Detective Vaughn asked him to step to the rear of the truck. Detective Vaughn found another crack pipe on defendant's person, crack cocaine crumbs on the passenger seat, and a rock of crack cocaine on the ground where defendant exited the truck.

Detective Vaughn testified during the State's direct examination to the facts described above. On cross-examination, defense counsel requested that Detective Vaughn draw a diagram of the arrest scene, which was marked as Defendant's Exhibit A. Detective Vaughn stepped down from the witness stand to diagram the scene where defendant was arrested. The diagram illustrated that the crack rock was found on the ground directly beside the truck where defendant exited the vehicle.

Defense counsel also questioned Detective Vaughn about the incident report that he filed on 8 July 2005. The State requested that the report be marked as an exhibit since it was being used to cross-examine the witness. Defense counsel complied with this request and continued questioning Detective Vaughn about the changes and additions to the report that were added months after it was initially written. The report, however, was never published to the jury.

Defendant did not testify or call witnesses in his behalf. The trial court, however, ruled that defendant had offered evidence through his cross-examination of Detective Vaughn and had thereby forfeited his right to make the final jury argument. Defendant's sole contention on appeal is that the trial court erred in denying him the final closing argument to the jury. We agree and grant defendant a new trial.

Rule 10 of the North Carolina General Rules of Practice for the Superior and District Courts provides "if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him." N.C. Super. and Dist. Ct. R. 10 (2006). In *State v. Shuler*, 135 N.C. App. 449, 520 S.E.2d 585 (1999), this Court determined that evidence is "introduced," within the meaning of Rule 10, when the cross-examiner either formally offers the material into evidence, or when the cross-examiner presents new matter to the jury that is not relevant to the case. *Id.* at 453, 520 S.E.2d at 588; *see also State v. Wells*, 171 N.C. App. 136, 138, 613 S.E.2d 705, 706 (2005) (quoting *Shuler*, 135 N.C. App. at 453, 520 S.E.2d at 588). However, "[n]ew matters raised during the cross-examination, which are relevant, do not constitute the 'introduction' of evidence within the meaning of Rule 10." *Shuler*, 135 N.C. App. at 453, 520 S.E.2d at 588. Most recently, in *State v. Bell*, 179 N.C. App. 430, 633 S.E.2d 712,

(2006), this Court stated that evidence is introduced during cross-examination when: "(1) it is 'offered' into evidence by the cross-examiner; or (2) the cross-examination introduces new matter that is not relevant to any issue in the case." *Id.* at 431, 633 S.E.2d at 713 (citing *Shuler*, 135 N.C. App. at 452-53, 520 S.E.2d at 588).

In this case, the State does not contend that the matters about which defendant cross-examined Detective Vaughn concern a new and irrelevant issue under the second test articulated in *Bell*. Rather, the issue presented in this appeal is whether, under the first test in *Bell*, the defendant "offered" the diagram and incident report into evidence during his cross-examination.

In *State v. Hall*, 57 N.C. App. 561, 291 S.E.2d 812 (1982), this Court set forth the following test to determine whether evidence is "offered" within the meaning of Rule 10: "whether a party has offered [an object] as substantive evidence or so that the jury may examine it and determine whether it illustrates, corroborates, or impeaches the testimony of the witness." *Id.* at 564, 291 S.E.2d at 814. This test has been adopted by our Supreme Court in *State v. Macon*, 346 N.C. 109, 113, 484 S.E.2d 538, 540 (1997).

While Defendant's Exhibits A and B were not formally received into evidence, the State contends that defendant "offered" such exhibits as substantive evidence. The State cites *Macon* in support of this argument. In *Macon*, during the State's direct examination, a police officer gave testimony regarding the investigation of the victim's death and the search of the defendant's home. *Id.* On cross-examination, defense counsel asked the police officer to read notes made by another officer from the defendant's post-arrest interview, which had not been discussed in the State's case. *Id.* Defense counsel marked the notes as an exhibit but neither offered the notes into evidence nor published the notes to the jury. *Id.* Our Supreme Court concluded the notes were actually offered into evidence and held that defendant had introduced evidence within the meaning of Rule 10. *Id.* at 114, 484 S.E.2d at 541. The Court stated that, while the writing was not introduced into evidence by the defense, Rule 10 was satisfied because the witness read the notes to the jury. *Id.* The Court's decision was based on the fact that "[t]he jury received the contents of defendant's statement as substantive evidence without any limiting instruction, not for corroborative or impeachment purposes, as defendant did not testify at trial and the statement did not relate in any way to [the witness]." *Id.*

The instant case is distinguishable from *Macon*. Here, defendant's exhibits related directly to Detective Vaughn's testimony on direct examination. Moreover, such exhibits did not constitute substantive evidence. Although the jury received the diagram (Exhibit A) without any limiting instruction, the record shows it was used to merely illustrate Detective Vaughn's prior testimony. *See State v. Sledge*, 297 N.C. 227, 235-36, 254 S.E.2d 579, 585 (1979) ("A witness may use sketches and diagrams, on a blackboard or otherwise, to *illustrate* his testimony." (emphasis added) (citing *State v. Lee*, 293 N.C. 570, 238 S.E.2d 299 (1977); *State v. Cox*, 271 N.C. 579, 157 S.E.2d 142 (1967))). The record also shows the incident report (Exhibit B) was not published to the jury as substantive evidence, nor was it given to the jury to examine whether it illustrated, corroborated, or impeached Detective Vaughn's testimony.

Accordingly, we hold that defendant did not "offer" evidence under either test articulated in *Bell*, and therefore, he did not "introduce" evidence within the meaning of Rule 10. As in *Bell* and *Wells*, we must conclude the trial court's error in denying defendant the final argument entitles defendant to a new trial. *Bell*, 179 N.C. App. at 433, 633 S.E.2d at 714; *Wells*, 171 N.C. App. at 140, 613 S.E.2d at 708; *see also State v. Eury*, 317 N.C. 511, 517, 346 S.E.2d 447, 450 (1986) ("The right to closing argument is a substantial legal right of which a defendant may not be deprived by the exercise of a judge's discretion.").

New trial.

Judges STEELMAN and STEPHENS concur.