STATE v. HOGAN

[218 N.C. App. 305 (2012)]

STATE OF NORTH CAROLINA v. KELLY SHAWN HOGAN

No. COA11-580

(Filed 17 January 2012)

**Criminal Law—right to open and close argument—reading from witness's statement on cross-examination—not introduction of evidence**

Defendant received a new trial where the trial judge deprived him of the right to open and close argument to the jury based on a ruling that defendant introduced evidence during his cross-examination of the victim. Defense counsel read aloud several portions of the victim's statement in an apparent attempt to point out inconsistencies with his trial testimony, but those statements were directly related to the direct examination and defendant did not formally introduce the statements into evidence.

Appeal by defendant from judgment entered 28 October 2010 by Judge Gary L. Locklear in Robeson County Superior Court. Heard in the Court of Appeals 14 November 2011.

*Roy Cooper, Attorney General, by J. Aldean Webster III, Assistant Attorney General, for the State.*

*J. Clark Fischer, for defendant-appellant.*

MARTIN, Chief Judge.

In 2001, defendant Kelly Shawn Hogan was charged in an indictment with robbery with a dangerous weapon. However, the charge was dismissed with leave on 16 January 2003, the box on the dismissal form indicating "defendant failed to appear for a criminal proceeding at which the defendant's attendance was required and the prosecutor believes that the defendant cannot readily be found." Later, in July 2010, the charge was reinstated for trial and, on 28 October 2010, the trial court entered judgment upon a jury verdict finding defendant guilty of the charge. Defendant gave oral notice of appeal. For the following reasons, we hold defendant is entitled to a new trial.

The following evidence was presented at defendant's trial. On 30 June 2000, then-Officer Renea White of the Lumberton Police Department responded to a call about an incident in the Freedom Drive-area of Robeson County. When Officer White arrived at the scene, she got a statement from the victim, Robert McQueen.

At defendant's trial, McQueen testified that he had been at a poker game that night and described the events as follows: during one round, McQueen bet, two other players and defendant folded, and McQueen announced, "[Y]ou all let me win with a pair of deuces," and "grabbed [his] money." Defendant responded, "I didn't fold, I ain't fold." The owner of the house told defendant he had folded. McQueen testified that, although he offered defendant $20 to get back in the game, he and defendant had "little words" and then defendant "just got up and left." McQueen left the house a couple of hours after defendant had gone. As McQueen walked outside, he heard the double click of a shotgun. Then he heard defendant say, "Don't move, don't move." Defendant ran in front of McQueen, faced him, and told him to take off his shoes and pants. Defendant went through the pockets of McQueen's pants and took money and then made McQueen lie on his stomach. McQueen testified that defendant then said, "I should kill you now[,] you b---h-ass," and then "popped" him in the back of his head with the gun and shot at the ground. McQueen testified that defendant took his shoes and about $650 in cash from him that night. On 16 August 2000, then-Officer Johnny Coleman with the Lumberton Police Department stopped a vehicle carrying defendant and took defendant into custody.

---

On appeal, defendant contends the trial court erred by denying him the right to the final argument to the jury based on its ruling that he had "introduced" evidence within the meaning of Rule 10 of the General Rules of Practice for the Superior and District Courts (Rule 10) during his cross-examination of McQueen by reading aloud from McQueen's 30 June 2000 statement to Officer White.

Rule 10 provides that, "[i]n all cases, civil or criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him." N.C. Super. and Dist. Ct. R. 10. The general rule is that "any testimony elicited during cross-examination is 'considered as coming from the party calling the witness, even though its only relevance is its tendency to support the cross-examiner's case.' " *State v. Shuler*, 135 N.C. App. 449, 452, 520 S.E.2d 585, 588 (1999) (quoting 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 170, at 559 (5th ed. 1998)). The general rule "also provides there is no right to offer evidence during cross-examination." *Id.* However, evidence is nevertheless " 'introduced,' " within the meaning of Rule 10, when the cross-examiner either formally offers the material into evidence, or when the cross-examiner presents new matter to the jury that is not relevant to the case." *State*

*v. Hennis*, 184 N.C. App. 536, 537, 646 S.E.2d 398, 399, *supersedeas and disc. review denied*, 361 N.C. 699, 653 S.E.2d 148 (2007). Evidence is "offered" when "a party has offered [it] as substantive evidence or so that the jury may examine it and determine whether it illustrates, corroborates, or impeaches the testimony of the witness." *Id.* at 538, 646 S.E.2d at 399 (internal quotation marks omitted).

In *State v. Wells*, 171 N.C. App. 136, 613 S.E.2d 705 (2005), this Court held that, where the defendant "questioned [the witness] about statements directly related to the witness'[s] own testimony on direct examination," the defendant had not introduced any evidence within the meaning of Rule 10. *Id.* at 140, 613 S.E.2d at 708. In *Wells*, during its case-in-chief, the State introduced as substantive evidence a witness's statement to detectives. *Id.* at 139, 613 S.E.2d at 707. In it, the witness said the defendant "stood in the middle of the street and fired at the victim[s] . . . as they fled, then casually drove away." *Id.* On cross-examination, the defendant asked the witness about another statement he had given to detectives one day before the statement introduced by the State. *Id.* In this statement, the witness said the defendant was "running away from [a] recording studio as he fired at the victims." *Id.* The defendant's counsel "read the entire statement, line by line, asking [the witness] if he agreed with each sentence." *Id.* However, the defendant's counsel never "formally introduced the statement" and the defendant presented no evidence. *Id.*

In this case, during his cross-examination of McQueen, defendant's counsel read aloud several portions of McQueen's 30 June 2000 statement in what appears to have been an attempt to point out inconsistencies between McQueen's trial testimony and his prior statement. Specifically, defendant's counsel asked McQueen twice whether he had told Officer White "everything that happened" when he provided his 30 June 2000 statement. After McQueen testified that he continued playing cards a "couple of hours" after defendant left, referring to McQueen's statement, defendant's counsel asked whether McQueen had told Officer White that defendant left the card game and then returned a "short time later." McQueen said yes, and then added that "a couple of hours is a short time, yes." Defendant's counsel pointed out that Officer White did not write down that defendant had fired the shotgun into the ground, which defendant had testified to on direct examination. Defendant's counsel also asked McQueen if he could remember what time Officer White arrived at the scene. McQueen testified he could not. In sum, our review of the transcript reveals that statements read and referenced by *defendant's counsel*

were "directly related to [McQueen's] own testimony on direct examination." *See Wells*, 171 N.C. App. at 140, 613 S.E.2d at 708. Furthermore, as in *Wells*, defendant's counsel never "formally introduced the statement" into evidence. *Id.* at 139, 613 S.E.2d at 707. Accordingly, we must hold that defendant never "introduced" evidence within the meaning of Rule 10.

Improperly depriving a defendant the right to open and close argument to the jury, a right "deemed to .be critically important," "entitles . . . defendant to a new trial." *See State v. English*, 194 N.C. App. 314, 317, 669 S.E.2d 869, 871 (2008).

In view of our holding, we do not reach defendant's second issue on appeal related to statements by the trial judge during sentencing regarding defendant's decision to plead not guilty. *See Shuler*, 135 N.C. App. at 455, 520 S.E.2d at 590 ("We have reviewed the additional assignments of error brought forth by Defendant but, because they are unlikely to recur at a new trial, we do not address them.").

New trial.

Judges ELMORE and STEPHENS concur.